UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 05-145-JBC**

**JACKIE W. WRIGHT,** **PLAINTIFF,**

**V.** **MEMORANDUM OPINION AND ORDER**

**JO ANNE BARNHART, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,** **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

The plaintiff, Jackie Wright, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying Disability Insurance Benefits. The court referred this matter to United States Magistrate Judge James B. Todd, who prepared Proposed Findings of Fact and Recommendations to which the plaintiff objects. The court, having reviewed the record *de novo* in light of the plaintiff's objections, will adopt the magistrate judge's report and recommendation, deny the plaintiff's motion for summary judgment, and grant the Commissioner's motion for summary judgment.

**Standard of Review**

Judicial review of the ALJ's decision is limited to determining whether he employed the proper legal standards. *Cutlip v. Sec'y of Health and Human Serv.*, 25 F.3d 284, 286 (6th Cir. 1994). "This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

"Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, if substantial evidence supports the Commissioner's decision, this court will defer to that finding, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth*, 402 F.3d at 595 quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

**The Plaintiff's Objections**

Mr. Wright objects to the report and recommendation, arguing that the ALJ erred in determining his residual functional capacity; that the ALJ erred in determining his mental limitations; and that the ALJ erred by deciding that he was not credible.

*The Residual Functional Capacity*

Mr. Wright claims that the ALJ ignored the opinion of his treating physicians that the pain in his hands "would preclude his ability to tolerate work at any exertional level on a reliable, on-going basis." The ALJ may ignore a treating physician's opinion where it is unsupported by objective medical evidence or inconsistent with other evidence on the record. *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993). The Sixth Circuit has developed a two-part test to evaluate a claimant's assertion of disabling pain. First, the ALJ examines whether there is

objective medical evidence of an underlying medical condition. If there is, then the ALJ examines whether the medical evidence confirms the severity of the alleged pain, or whether the medical condition is so severe that it can reasonably be expected to produce the disabling pain. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). In evaluating the plaintiff's subjective complaints, the court gives great deference to the ALJ's finding regarding credibility. *Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 230 (6th Cir. 1990).

Examining the medical records, the ALJ did not find objective medical evidence to support the allegations of pain.[1] The ALJ found that Mr. Wright was not entirely credible, noting that he had recently graduated from technical college with a 3.9 GPA and citing to a psychologist's note that Mr. Wright did not want to "look for work until disability is denied again." Because there was a lack of objective medical evidence showing disabling pain, and because the ALJ found that Mr. Wright's allegations were not entirely credible, the ALJ did not err by failing to find that he suffered from disabling pain.

*The Mental Limitations*

Mr. Wright argues that "both the Social Security Administration's Consultative psychological examiner and the treating psychological sources identified mental impairments that the vocational expert testified would eliminate

---

[1] The RFCs opining that Mr. Wright might miss more than six days of work per month because of pain were not submitted in conjunction with objective medical evidence.

employability." The vocational expert noted that a poor ability to sustain an ordinary routine, to work closely with others, to maintain socially appropriate behavior, to set realistic goals, or to make independent plans would not be consistent with competitive employment. The ALJ found that Mr. Wright had "moderate" deficiencies of "concentration, persistence or pace resulting in failure to complete tasks in a timely manner," not a poor ability to function in these areas. This finding is consistent with the psychological evidence, including reports from Drs. Ross and Stodola. Therefore, the ALJ's decision is supported by substantial evidence.

*Findings regarding credibility*

Mr. Wright argues that the ALJ erred by finding that he was not credible because he applied for benefits after his employer went out of business. The ALJ found that Mr. Wright's allegations of pain were not credible for a number of reasons, including that he had just completed technical college with a 3.9 GPA. Even if the ALJ erred by judging Mr. Wright's credibility on the timing of his application for benefits – a conclusion that the court does not reach – the error is harmless in light of other evidence suggesting a lack of credibility. Accordingly,

**IT IS ORDERED** that the magistrate judge's report and recommendation (DE 11) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the motion of the plaintiff for summary judgment (DE 8) is **DENIED**.

**IT IS FURTHER ORDERED** that the motion of the Commissioner for summary judgment (DE 9) is **GRANTED**.

Signed on February 3, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY